[No. 419.  Decided July 6, 1892.]

FIRST NATIONAL BANK OF IDAHO SPRINGS, *Appellant*, v.
A. BEAMER, *Respondent*.

#### EVIDENCE—SUFFICIENCY OF.

In an action to recover a balance due upon a promissory note, to
which the defendant, by way of affirmative defense, alleges that a
certain described house had been conveyed in full payment, a ver-
dict for defendant is unwarranted, where letters of the defendant
introduced in evidence show that he wrote the payee about the time
of the conveyance to him, requesting him to sell the house for what-
ever could be obtained for it, at the same time proposing to pay the
note in installments of twenty-five dollars per month, and other let-
ters, three and four years later in date, advise of inclosures to be ap-
plied upon the note, and make excuse for failure to make further
remittances.

*Appeal from Superior Court, Lincoln County.*

*Blevins & Neal*, for appellant.

*N. T. Caton, J. W. Merritt*, and *J. C. Kleber*, for respond-
ent.

The opinion of the court was delivered by

HOYT, J.—This action was brought to recover a balance
alleged to have been due upon a promissory note made by
the defendant to one McClelland, and by him transferred
to the plaintiff. The answer admitted the execution
of the note, but denied that anything was due thereon, and
alleged by way of affirmative defense that a certain house
therein described had been conveyed to said McClelland in
full payment of said note. The only controversy which
arose upon the trial of the cause was as to the truth or
falsity of the allegations of the answer that the said house
had been taken by the holder of the note in full payment
of the same. In regard to this question the said Mc-
Clelland, for the plaintiff, testified that the building re-

ferred to was only conveyed to him as collateral security for the payment of the note, with instructions to sell the same and apply the proceeds upon the note. The defendant testified in his own behalf that the building was conveyed in full satisfaction of the note in question. Upon the testimony of these two witnesses there arose a substantial conflict as to this material issue, which, of course, was properly submitted to the jury for their determination. And if no other circumstances appeared in the case to affect this question it would be clear that the verdict of the jury rendered upon the issue thus made should not be disturbed. There were, however, other facts shown on the part of the plaintiff, and not at all contradicted on the part of the defendant which had a material influence upon this issue. The allegations of the answer and proof on the part of the defendant were, that this house was transferred as above stated in 1883, at which time the house was worth the sum of twelve hundred dollars; while the amount due on the note was only a little over three hundred dollars. A letter was introduced in evidence on the part of the plaintiff, written by the defendant, about the time of the transfer to the said McClelland of the title to the building in question. In this letter he writes that he has instructed the person having title to this building to convey it to him, McClelland, and requests said McClelland to sell the same for whatever can be obtained therefor, and suggests that it should bring two hundred dollars. In this letter he refers to another written just ten days before, in which he proposed payment of the note in installments of twenty-five dollars per month, and says he hopes that the proposition contained in said last named letter would be accepted. These two letters taken together show conclusively that at the time this building was conveyed to said McClelland it was not conveyed in full payment of the note, but only for the purpose of having McClelland make out of it what he

could. And if these letters were all that tended to con-tradict the testimony of the defendant above stated it would have been so shaken as to be entitled to but little weight with the jury. But in addition to these letters written in 1883 there were introduced without objection several other letters of the defendant written in 1886, advising the inclosure of small sums of money to be applied as pay-ments upon the note in question. And as late as January 18, 1887, nearly four years after the transfer of said build-ing to McClelland, the defendant again wrote him, as cashier of said plaintiff, as follows:

"I have not written you anything for some time, as I have been using every dollar I had in an effort to make a sale of some milling property. Am in hopes of completing it within the next two or three months when I will be able to discharge all my indebtedness, and write you this that you may not be led to think from my silence that I do not intend to send you what I can to apply on my note."

And these letters and the acts of the defendant in writ-ing them are so entirely inconsistent with his contention that nearly four years before this the entire note had been fully paid and satisfied that, in the light thereof, his testi-mony must give way. We, of course, are mindful of the rule that where there is any substantial conflict in the testimony, the verdict of the jury rendered thereon will not be disturbed by this court, but we think the record in this case discloses such facts as to absolutely destroy the testimony of the defendant, and that the plaintiff's case is fully as strong as it would have been had the testimony of McClelland alone been introduced. It is true that the de-fendant makes some slight attempt to explain his motives in writing these letters admitting his indebtedness, and promising payment thereof, but such attempted explana-tion is not sufficient to destroy the force of said letters and admissions. Besides, the letter first above referred to

clearly shows that the conveyance of said building was
not for the purpose testified to by the defendant, but rather
for that testified to by said McClelland. The testimony
was insufficient to sustain the verdict of the jury, and the
motion for a new trial upon that ground should have been
granted.

There was some question made as to the instructions
given by the court to the jury, and they are probably open
to criticism, but they could have no effect upon the only
real issue in the case, which was as to whether or not the
note had been in fact paid, and the error, if any, contained
therein was without prejudice to the rights of the plaintiff.

The judgment must be reversed, and the cause remanded
for a new trial.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ.,
concur.